IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM FRANKLIN OWENS, #1044468, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-0681-D |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) in Livingston, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted of two counts of aggravated sexual assault in the 363rd Judicial District Court of Dallas County, Texas, in cause number F00-24133-PLW. (Petition for Writ of Habeas Corpus (Pet.) at 2.) Punishment was assessed at fifty-five years imprisonment. The Eleventh Court of Appeals affirmed his

conviction.  See Owens v. State, No. 11-01-00283-CR (Tex. App., Eastland Jul. 11, 2002, no pet.).  The Texas Court of Criminal Appeals (TCCA) granted Petitioner an extension to file his petition for discretionary review (PDR) until October 11, 2002.  Although Petitioner filed his PDR on October 10, 2002, TCCA subsequently filed an order striking it for non-compliance.  (Exh. B attached to Respondent's Answer).

On January 16, 2004, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  Ex parte Owens, No. 58-423-01, at 2.  On March 10, 2004, the Texas Court of Criminal Appeals denied the state writ without written order on the findings of the trial court without a hearing.  Id. at cover.

Thereafter, on April 2, 2004, Petitioner filed the instant federal petition for writ of habeas corpus.  (Pet. at 1).  In three grounds of error, he asserts his conviction was obtained by the use of an unfit juror, the ineffective assistance of counsel, and a coerced confession.[1]  (Pet. at 7).

In response to this court's show cause order, Respondent filed an answer, alleging the petition was time barred and meritless.  Petitioner has not filed a reply.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), the federal petition is deemed filed as of March 29, 2004, the date on which Petitioner signed the same and handed it to prison officials for mailing.  (Pet. at 9).

removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final at the very latest, for purposes of the one-year period, on November 27, 2002, the date on which TCCA filed the order striking the PDR as non-compliant. The one-year period began to run on November 28, 2002, the day after his conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on November 27, 2003, four months before Petitioner filed the federal petition in this case.[2] While

---

[2] Since TCCA struck the PDR as non-complying, Petitioner cannot be deemed to have sought review by petition for discretionary review (PDR), which in turn is a pre-requisite for seeking review by petition for writ of certiorari in the U.S. Supreme Court. Accordingly, he is not entitled to the additional ninety days in determining the finality of his conviction for purposes of the one-year limitation period. See Supreme Court Rules 10(b) and 13.1 (providing that a petition for a writ of certiorari is available only from the judgment by a state court of last resort).

28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner did not file his state habeas application until January 16, 2004, after the limitation period had expired.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired).  Therefore, the federal petition is clearly untimely absent equitable tolling.

      Petitioner does not refute Respondent's contention that his petition is time barred. Although this Court granted him an extension of time to file a reply, he failed to comply with that order. Nevertheless, his pleadings, even when liberally construed, fail to present the type of "rare and exceptional circumstances," warranting equitable tolling."  Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998).  Nor do they allege facts showing that he diligently pursued his rights. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  He waited more than thirteen months after TCCA struck his PDR to submit his state habeas application.  This delay – clearly of Petitioner's own making – does not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss the petition with prejudice as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed November 22, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

5